IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF FLORIDA
**Pensacola Division**

William H. Smith,
    Plaintiff

Case No.: 3:04cv321 RS/EMT

vs.

Michael T. Guthrie,
    Defendant

_____/

## COMPLAINT

Plaintiff, William H. Smith, sues defendant, Michael T. Guthrie, and alleges:

### Jurisdictional Allegations

1. Plaintiff is domiciled in and a citizen of the state of Florida. Defendant is domiciled in and a citizen of the state of Mississippi.

2. The civil matters in controversy, exclusive of costs and interest, exceed the jurisdictional requirements of this Court under 28 USCA s.1332.

3. The actions that form the basis of this complaint occurred in the state of Florida; and are subject to Florida law.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

04 SEP 10 AM 11:53

FILED

## General Allegations

4. On or about January 2003, defendant approached plaintiff in the state of Florida about sharing the use, expense, and ownership of a 1999 King Air C90B aircraft (herein, the "Aircraft"). The proposed terms provided that each party would make equal monthly capital contributions to pay all expenses of the Aircraft.

5. In connection with his proposal, and with the intent to deceive and defraud plaintiff, defendant stated that the value of the Aircraft was well in excess of the $1,800,000.00 purchase loan debt, and that the Aircraft had plenty of "equity".

6. In truth and in fact, as defendant well knew, defendant's statements made to plaintiff about having plenty of "equity" and stating that the value of the Aircraft was in excess of its debtload were false and untrue when made; the value of the Aircraft was "upside down", or about $200,000.00 less than the balance of the loan on the Aircraft.

7. Also in connection with his proposal, and with the intent to deceive and defraud plaintiff, defendant promised and agreed to pay an equal monthly share of the debt and operating expenses. Defendant never intended to keep or perform this promise.

8. Each of the foregoing misrepresentations were material to the agreement. Plaintiff relied upon each of the defendant's representations, and was induced to enter into into the partnership.

9. On or about January 2003 the parties met in the city of Destin, state of Florida and reiterated the foregoing promises and representations. As a direct result, plaintiff was induced to undertake all financial commitments, personal guarantees, and security agreements and became equally obligated to pay the purchase loan and other expenses associated with the Aircraft in an amount in excess of $1,800,000.00.

10. None of the parties' agreements were documented by written agreement; however the agreements are evidenced by performance of plaintiff, and by contractual debt obligations that were assumed by plaintiff.

11. From January 2003 through June 1, 2004, defendant contributed a total of $15,400.00.

12. For the same period from January 2003 through June 1, 2004, plaintiff contributed a total of $384,317.76.

13. By mid-January 2004, plaintiff considered proposing the sale of the asset; he investigated its market value and title papers and was surprised to learn the following:

(a) Plaintiff learned the market value of the Aircraft was only about $1,600,000.00; this means that the loan is "upside down", contrary to defendant's statements. Selling the asset would yield less than the payment obligation that plaintiff had personally guaranteed.

(b) Plaintiff also learned that defendant never took action to formalize plaintiff's 50% ownership interest. To knowledge and belief, defendant's single member Mississippi limited liability company called "MCCJET LLC" holds title, but defendant has failed, refused or neglected to register the plaintiff as a member of the LLC, even though plaintiff pays for the administration of the accounting and timely pays all expenses.

14. Immediately after making the foregoing discoveries, and in response to the defendant's ongoing failure to pay his share of the expenses, plaintiff demanded dissolution of the partnership and rescission of the transaction.

15. In response, defendant finally paid $100,000.00 into the MCCJET LLC checking account toward expenses in June 2004. Defendant has failed and refused to take action toward dissolution of the arrangement in any other respect. By June 18, 2004, defendant's contribution totalled $115,400.00 and plaintiff's totalled $404,317.76.

## COUNT I
## FRAUDULENT INDUCEMENT
## BY MISREPRESENTATION

16.     This is an action for fraudulent inducement by misrepresentation seeking rescission of the parties' oral agreement and restitution.

17.     The allegations of paragraphs 1-15 are incorporated herein by reference for all purposes.

18.     Defendant's statements made to plaintiff about having plenty of "equity" and stating that the value of the Aircraft was in excess of its debtload were false and untrue when made. Defendant knew that such statements were false, and made the statements in order to induce the plaintiff to assume responsibility for the debt.

19.     Plaintiff believed the statements so made by defendant and relied upon them. These statements were material to plaintiff's decision and induced the plaintiff to enter into a partnership and to undertake the financial commitment of ownership of the Aircraft.

20.     Plaintiff is entitled to rescission of the partnership agreement as a result of defendant's misrepresentations and deceit. Plaintiff is also entitled to restitution for the monies conveyed as a result of the partnership

agreement, totalling over $404,317.76.

## Relief Requested

WHEREFORE, plaintiff requests judgment for:

a.  A determination that the partnership agreement between plaintiff and defendant has been rescinded and relieving plaintiff of any and all personal guarantees and financial commitments that were undertaken in reliance on the misrepresentations;

b.  An order of restitution to plaintiff in the amount of capital contributions made by plaintiff;

c.  Compensatory damages to plaintiff;

d.  Prejudgment interest according to law;

e.  Costs of suit; and

f.  Such other and further relief as the Court considers just and proper.

## COUNT II
## PROMISSORY FRAUD

21.  This is an action based on promissory fraud committed by defendant seeking rescission of the parties' oral agreement and restitution.

22.  The allegations of paragraphs 1-15 are incorporated herein by reference for all purposes.

23. With the intent to deceive and defraud plaintiff, defendant promised and agreed to contribute capital to the partnership in an equal monthly share of the debt and operating expenses. Defendant never intended to keep or perform this promise.

24. With intent to deceive and defraud plaintiff, defendant never took action to formalize plaintiff's 50% ownership interest. To knowledge and belief, title of the asset is still held in defendant's single member Mississippi limited liability company and plaintiff has never been registered as a member of the LLC.

25. Defendant's promises were material to plaintiff's decision to enter into the partnership; plaintiff would not have bound himself to any financial commitment in connection to the Aircraft in the absence of defendant' promises.

26. Defendant did not perform as promised and plaintiff has been damaged as a result.

## Relief Requested

WHEREFORE, plaintiff requests judgment for:

a. A determination that defendant's promises were made with intent to deceive and that plaintiff has been damaged thereby; determining that the partnership agreement between plaintiff and defendant should be rescinded and

relieving plaintiff of any and all personal guarantees and financial commitments that were undertaken in reliance on the misrepresentations;

b. An order of restitution to plaintiff in the amount of capital contributions made by plaintiff, and other damages resulting from the deception;

c. Compensatory damages to plaintiff;

d. Prejudgment interest according to law;

e. Costs of suit; and

f. Such other and further relief as the Court considers just and proper.

## COUNT III
## UNJUST ENRICHMENT

27. This is an action based on unjust enrichment of the defendant seeking equitable damages by *quantum meruit*.

28. The allegations of paragraphs 1-15 are incorporated herein by reference for all purposes.

29. Plaintiff made excess capital contributions to maintain the Aircraft; Defendant failed to make an equal contribution as agreed.

30. Defendant's failure to make an equal capital contribution was a breach and default of the parties agreement, and Defendant benefitted by the

non-payment of contributions that were due.

31. Defendant also benefitted from plaintiff's performance of contractual debt obligations to the bank despite being equally bound under the contracts.

32. Defendant has been unjustly enriched at plaintiff's expense and owes plaintiff fair and equitable damages due to his enrchment.

### Relief Requested

WHEREFORE, plaintiff requests judgment for:

a. A determination of the quantum meruit damages due to plaintiff based on the unjust enrichment of defendant;

b. Compensatory damages to plaintiff according to law;

d. Prejudgment interest according to law;

e. Costs of suit; and

f. Such other and further relief as the Court considers just and proper.

### COUNT IV
### DISSOLUTION AND ACCOUNTING

33. This is an action for dissolution of a general partnership and for an accounting of the partnership obligation owed to plaintiff, as well as for title,

appraisal and sale of the partnership asset.

34. The allegations of paragraphs 1-15 are incorporated herein by reference for all purposes.

35. Plaintiff and defendant orally agreed to enter into an equal partnership to share expenses and debts; however, defendant did not perform the agreement and plaintiff was forced to pay the entire amount of expenses and debt in order to maintain the loan and prevent foreclosure.

36. When defendant promised to pay his share, he never intended to perform any of his promises of payment; defendant stopped making payments as soon as plaintiff assumed personal liability to the bank.

37. Defendant continuously promised plaintiff he would repay his share of all past due expenses as soon as his "deal" closed, and plaintiff bore all expenses based on this promise.

38. As a direct result of the original false inducements and false promises, and the continuing promise to pay made to plaintiff, defendant enjoyed, and continues to enjoy use, title ownership, and possession of the Aircraft, while plaintiff has solely borne its expense.

39. When plaintiff ascertained the falsity of defendant's representations on or about mid-January 2004, defendant's many frauds became known.

40. Since January 2004, plaintiff has attempted to obtain defendant's agreement to a sale, a dissolution, and an accounting, but to this date such agreement was unable to be reached by plaintiff.

41. To knowledge and belief, the lender is unwilling to remove plaintiff from the loan obligation.

42. As a result, at the current time plaintiff is forced to make extensive capital contributions in excess of the partnership agreement in order to maintain his contractual obligations to the lender.

43. Continuation of the partnership is no longer viable or feasible. As set out above, and pursuant to Section 620.8801(5), Florida Statutes, governing general partnerships formed in this state, the economic purpose of the partnership has been frustrated by defendant's fraud, nonperformance and misconduct that makes it not reasonably practicable to carry on the partnership.

44. Even in the absence of statute or contract, plaintiff is entitled to recover his reasonable costs, including attorneys fees, based on the necessity of filing for dissolution and accounting of the partnership, as an exception to the general rule under Florida law. A.J. Richey Corp. et al v. Garvey et al, 132 Fla. 602, 182 So. 216 (Fla 1938); Cooper v. Fulton, 158 So.2d 759 (Fla. 3d DCA 1963), *cert disch.* 165 So.2d 161 (Fla. 1964); Balzam v. Cohen, 427 So.2d 329

(Fla 3d DCA 1983); California Federal Sav. and Loan Ass'n v. Coley, 593 So.2d 1152 (Fla. 1st DCA 1992); Lipsig v. Ramlawi, 760 So.2d 170 (Fla.3d DCA 2000).

## Relief Requested

WHEREFORE, plaintiff requests judgment for:

a.   A determination that the partnership between plaintiff and defendant has been dissolved, and rescinding plaintiff's obligations that were undertaken in reliance on the misrepresentations;

b.   An accounting of the contributions of the partners and an order of restitution to plaintiff in the amount of the offset;

c.   Prejudgment interest according to law;

d.   Costs of suit including reasonable attorneys fees; and

e.   Such other and further relief as the Court considers just and proper.

SUBMITTED this _10_ day of September, 2004.

_____
Sharon D. Regan
Fla Bar No: 0907308
125 S. Alcaniz Street
Suite One
Pensacola, FL 32501
(850) 439-1000
(F) (850) 439-1002