IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF FLORIDA
Pensacola Division

WILLIAM H. SMITH,

    Plaintiff

v.                                              Case No. 3:04CV321/RV/EMT

MICHAEL T. GUTHRIE,

    Defendant.

_____/

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S PRODUCTION OF DOCUMENTS IN COMPLIANCE WITH PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW the Plaintiff, William H. Smith, by and through undersigned counsel, and files this his Motion to Compel the Defendant, Michael T. Guthrie, pursuant to Rule 37(a) of the *Federal Rules of Civil Procedure*, seeking an order compelling the Defendant's production of documents in compliance with Plaintiff's First Request for Production of Documents to the Defendant and in support thereof, states the following:

1.    On February 14, 2005, the Plaintiff, William H. Smith propounded fifty-four (54) requests for production of documents upon the Defendant, Michael T. Guthrie.

2.    The response from Defendant was due to Plaintiff's First Request for Production of Documents no later than March 16, 2005. No extensions were requested or agreed to by the parties.

3.    On March 29, 2005, responses and documents were provided which were insufficient and incomplete.

4. Specifically, with regard to Requests Numbered 1-6, the Plaintiff requested the following information:

**REQUESTS:**

1. A copy of the articles of organization and/or articles of incorporation for MCC Jet, LLC, as well as a copy of any bylaws, operating agreements, certificates of incorporation, annual statements, member agreements, resolutions, and/or documents representing ownership of corporate interest.

2. A copy of any and all documents you purport to outline or support your understanding of the agreement between you wand William H. Smith with regard go the formation of MCC Jet, LLC and the membership interest to be held by each of you.

3. A copy of any and all documents you purport to outline or support your understanding of the agreement between you wand William H. Smith with regard go the aircraft known as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563.

4. Any and all documents you contend establish, reference, relate or refer in any way to your agreement with William H. Smith regarding the aircraft known as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563.

5. Any and all documents you contend establish, reference, relate or refer in any way to an agreement between MCC Jet, LLC and William H. Smith regarding the aircraft known as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563.

6. Any and all documents you contend establish, reference, relate or refer in any way to any agreement between MCC Jet, LLC and William H. Smith regarding the aircraft known as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563.

To which the Defendant responded as to each:

**RESPONSE:**

Attached hereto please find all documentation in defendant's possession which outline the agreement between plaintiff and defendant, regarding the 1999 Beechcraft Kingair C90B aircraft, including: a copy of the Registration Application for the MCCJET, LLC, the Certificate of

>  Formation, Operating Agreement/Act, EIN Registration and Employee Identification.

A detailed review of the documents produced in response to these requests reveals that all documentation in Defendant's possession which comply with the requests were not produced to Plaintiff. For example, in response to Request Nos. 1-6, Defendant only produced the articles of organization of MCC Jet, LLC from the Mississippi Secretary of State. None of the other requested documents were produced. If other documents matching this request do not exist or are not in Defendant's possession, then Defendant has a duty to state this in his response. However, if Defendant does have possession of any documents corresponding to the requests, he must produce them or make them available for inspection in accordance with Rule 34(b) of the *Federal Rules of Civil Procedure*. Furthermore, Defendant is actually in possession of other documents which fit the description of those requested above, as he was in possession of an unsigned "Operating Agreement" of MCC Jet, LLC at mediation on October 5, 2005, that has never been produced to Plaintiff. Therefore, Defendant should be compelled to produce the requested documents and/or to designate documents that, to his knowledge, do not exist.

  5.  Additionally, with regard to Requests Numbered 13, 18, 20, 21, 35, 48, and 49, the Plaintiff requested the following information:

>  **REQUESTS:**
>
>  13.  Any and all documents that evidence any loan payments made by you or MCC Jet, LLC with regard to the aircraft known as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563.
>
>  18.  Any and all documents that evidence applications for credit or rental privileges for use of facilities to store, park or operate that aircraft

3

known as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563, as well as evidence of approval or denial of said application or other evidence related thereto.

20.    A copy of any and all documents evidencing application for and/or results of requests for loans, mortgages or notes that reference, are applicable to or used as security of that aircraft known as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563, including but not limited to any and all financing records, applications, loan payments, liens, mortgages, notes, releases or the like.

21.    Any and all documents by and between you or MCC Jet, LLC and Union Planters Bank that relate or refer in any way to the aircraft known as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563.

35.    Any and all documents by and between you or MCC Jet, LLC and Stevens Aviation, Inc. that relate or refer in any way to the aircraft known as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563.

48.    A copy of any and all appraisals, surveys, inspections or other documents that analyze or evaluate that aircraft known as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563.

49.    A copy of any and all federal or state tax returns, K-1s, Form 1065 or other document evidencing the tax treatment and/or depreciation taken on that aircraft known as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563 by you or MCC Jet, LLC.

To which the Defendant responded:

**RESPONSE:**

Attached hereto please find a copy of all documentation in defendant's possession[1] from the initial purchase of the aircraft.

---

[1] In accordance with the mandate in Rule 1 of the *Federal Rules of Civil Procedure*, to construe the rules to secure the just, speedy, and inexpensive determination of every action, defendant's responses to these requests are grouped together because they are substantially the same as the example above, except each response is specifically tailored to the corresponding request.

4

A detailed review of the documents produced in response to each of these requests for document production reveals that all documentation in Defendant's possession which comply with the requests were not produced to Plaintiff. In fact, Plaintiff found no documents which responded to these requests. For example, the Defendant purchased in aircraft in March 2000. Therefore, at the time of the request, some 60 payments should have been made on the debt. Defendant produced less than five checks evidencing payment. (Request 13). Another example, there were two loans on the subject aircraft and, therefore, two sets of loan documents. Defendant did not produce a complete set of documents for either loan, much less both. (Request 20). Defendant produced no documents responsive to Items 35, 48 and 49. If documents matching each of these each of requests do not exist or are not in Defendant's possession, then defendant has a duty to state this in his response. However, if Defendant does have possession of documents corresponding to the requests, he must produce them or make them available for inspection in accordance with Rule 34(b) of the *Federal Rules of Civil Procedure*. Therefore, Defendant should be compelled to produce the requested documents.

      6.      Additionally, Plaintiff Smith propounded Requests Numbered 40 and 51, as follows:

> **REQUESTS:**
>
> 40. Any and all documents that relate or refer in any way to the purchase of the aircraft known as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563, including any and all documents, correspondence or letters evidencing negotiation, bills of sale, transfers or registration or other documentation by and between you and/or MCC Jet, LLC and the original owner of the aircraft.

>   51.   Provide a copy of any and all documents evidencing present ownership of title to that aircraft identified as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563, including any pending or executory purchase agreements.

To which the Defendant responded:

>   **RESPONSES:**
>
>   40.   All documents responsive to this Request were previously provided in response to request number 20.
>
>   51.   All documents responsive to this Request were previously provided in response to Request numbers 1-6.

As stated above, various documents were produced by Plaintiff in response to Request No. 20, but the specific items were not included and, furthermore, the production in response to Request numbers 1-6 was incomplete. As with the responses above, Defendant only partially produced the requested documents. There are checks, drafts and correspondence by and between Defendant and the original purchaser that were not produced. If documents matching these requests do not exist or are not in Defendant's possession, then Defendant has a duty to so state in his response. However, if defendant does have possession of any documents corresponding to the requests, he must produce them or make them available for inspection in accordance with Rule 34(b) of the *Federal Rules of Civil Procedure*. Therefore, Defendant should be compelled to produce the requested documents.

   7.   Additionally, Plaintiff Smith propounded Request No. 43 and 50 as follows:

>   **REQUESTS:**
>
>   43.   A copy of any and all statements made as referenced in Interrogatory N. 4, whether written or recorded.

50. To the extent not requested in Request Nos. 2-17, any and all documents in your care, possession, custody or control that relate or refer in any way whatsoever to that aircraft identified as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563.

**RESPONSE:**

None[2]

The response "none" to a request for production of documents is not an appropriate response. Either Defendant has statements or he does not. As written, the response could be there are "none" in existence or "none" in Defendant's possession. Also, there is correspondence and other documents in existence not produced by Defendant that relates to the aircraft as requested in Item 50. If Defendant does not have possession of the requested documents complying with the requests, the Defendant has a duty to so state. If Defendant does have these documents, Defendant must produce them. Therefore, Defendant should be compelled to produce the requested documents or state they are not in Defendant's possession.

8. The *Federal Rules of Civil Procedure* are clear about the rules governing discovery to be had between parties. Rule 34 specifically provides that any party may serve upon any other party a request to produce and permit the party making the request to inspect and copy, any designated documents. The request shall set forth the items to be inspected, and describe each with reasonable particularity. The response to the request shall state, with respect to each item, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated.

---

[2] Defendant replied to both requests with "None".

9. Rule 37 specifically sets forth the procedure for a party's failure to participate in the discovery process. Specifically, Rule 37(a) provides that a party upon reasonable notice to all other parties and all persons affected thereby may apply for an order compelling discovery. The motion is to be made in the appropriate court and if a party fails to produce documents or fails to respond that inspection will be permitted, the discovering party may move for an order compelling production or inspection in accordance with the request.

10. Consistent with Rule 37(a)(2)(B), the undersigned has, in good faith, attempted to confer with the Defendant's attorney in an effort to secure appropriate responses to the propounded Interrogatories without court action.

11. On October 12, 2005, the undersigned wrote to the Defendant requesting him to produce the documents requested by Plaintiff before the deposition of Defendant on October 14, 2005, as set forth in attached Exhibit "A."

12. Defendant responded to the letter dated October 12, 2005, with a letter stating, "[w]e have turned over all documents in our possession and are not aware of the existence of any additional documents", as set forth in Exhibit "B"

13. As stated above, Defendant is in possession of documents which were requested by Plaintiff, but have not yet been produced to Plaintiff, and Defendant additionally has custody and control over existing documents he has chosen not to produce or to obtain for production. "'Control,' within meaning of federal rule requiring party to produce responsive documents that are in its possession, custody or control, comprehends not only possession but also right, authority, or ability to obtain documents." *Comeau v. Rupp*, 810 F.Supp. 1127 (D. Kan. 1992).

14.     Rule 37(a)(4) provides that the court shall, after hearing, require the party or deponent whose conduct necessitated the motion to pay the reasonable expenses incurred in obtaining the order, including attorneys' fees unless the court finds opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

15.     In this particular instance, the failure of the Defendant to produce the documents requested which are in his possession is not justified and the circumstances surrounding the filing of this motion require that expenses and fees be awarded to Plaintiff Smith for same.

WHEREFORE, the Plaintiff hereby respectfully requests this court to enter an order pursuant to the *Federal Rules of Civil Procedure* compelling the Defendant to respond to Plaintiff's First Request for Production of Documents propounded to the Defendant on February 14, 2005 and further requests an award of fees and costs and for other relief as this court may deem just and proper

Respectfully submitted,

_____S/Jannea S. Rogers_____
JANNEA S. ROGERS (ROGEJ7403)
Adams and Reese LLP
One St. Louis Street, Suite 4500
Mobile, Alabama 36602
Telephone:    251.433.3234
Facsimile:     251.438.7733

Attorney for Plaintiff, William H. Smith

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing pleading upon the following counsel by placing same in the United States Mail, first class postage prepaid and properly addressed on this the **17th** day of **October, 2005**:

Robert C. Palmer, III
226 Palafox Place, 9th Floor
Pensacola, Florida 32598-1831

                                      s/Jannea S. Rogers
                                      JANNEA S. ROGERS