IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF FLORIDA
Pensacola Division

WILLIAM H. SMITH,

    Plaintiff

v.                                        Case No. 3:04CV321/RV/EMT

MICHAEL T. GUTHRIE,

    Defendant.

_____/

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S PRODUCTION OF DOCUMENTS IN COMPLIANCE WITH PLAINTIFF'S SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW the Plaintiff, William H. Smith, by and through undersigned counsel, and files this his Motion to Compel the Defendant, Michael T. Guthrie, pursuant to Rule 37(a) of the *Federal Rules of Civil Procedure*, for an ordercompelling the Defendant's production of documents in compliance with Plaintiff's Supplemental Request for Production of Documents to the Defendant and in support thereof, states the following:

1.    On February 14, 2005, the Plaintiff, William H. Smith propounded four requests for production of documents upon the Defendant, Michael T. Guthrie.

2.    The response from Defendant was due to Plaintiff's Supplemental Request for Production of Documents no later than March 16, 2005.  No extensions were requested or agreed to by the parties.

3.    On March 29, 2005, responses and documents were provided which were insufficient and incomplete.

4. Specifically, with regard to Request No. 55, the Plaintiff requested the following information:

> **REQUEST:**
>
> A copy of the flight log received from Rob Carter in March 2004.

To which the Defendant responded:

> **RESPONSE:**
>
> Documents responsive to this Request were previously provided in response to Plaintiff's First Request for Production of Documents, Request number 15.

A detailed review of the documents produced in response to Request No. 15 reveals there are no flight logs contained therein that were received from Rob Carter in March 2004 as produced by Rob Carter, who has certified under oath that he personally delivered the flight logs to defendant in March 2004. Defendant has not produced this log. It exists and was last known to be in the possession of defendant and/or his agents. Defendant must produce the requested document or make it available for inspection in accordance with Rule 34(b) of the *Federal Rules of Civil Procedure*. Therefore, Defendant should be compelled to produce the flight log.

5. Additionally, with regard to Request No. 57, the Plaintiff requested the following information:

> **REQUEST:**
>
> An itemization, detail or accounting of each and every payment or expense made by or on your behalf with regard to the aircraft known as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563 from the time of purchase until this date. Include in your response to this request a copy of any and all cancelled checks, cancelled invoices, cancelled credit card statements or other documentary proof of payments made by or on your behalf with regard to this aircraft.

To which the Defendant responded:

> **RESPONSE:**
>
> Documents responsive to this Request are attached hereto. Additional documents responsive to this Request were previously provided in Defendant's Rule 26 Disclosures.

A detailed review of the documents produced in response to Request No. 57 shows the production of documents in response thereto is incomplete. The request asks for an itemization, detail or accounting of each and every payment or expense made by or on your behalf with regard to the aircraft, along with "cancelled checks, invoices, or other documentary evidence of payments." Defendant has made a claim he has paid several hundred thousand dollars in support and maintenance of this aircraft. However, Defendant only produced a few scattered cancelled checks and invoices in response to this request. The tax return filed by Defendant indicates a sum specific was expended for fuel, maintenance, hangar rental, pilot fees, etc. Defendant obviously had possession of checks and/or invoices to support a filing with the Internal Revenue Service as to his expenses, but has chosen not to produce them. Therefore, this response is insufficient and incomplete and Defendant should be compelled to supplement Response No. 57.

6.  Additionally, Plaintiff Smith propounded Request No. 58, as follows:

> **REQUEST:**
>
> A copy of all MCC Jet, LLC balance sheets, profit and loss statements, asset and liability statements or other financial records that refer or relate in any way to that aircraft identified as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563.

To which the Defendant responded:

> **RESPONSE:**

3

> Attached hereto please find all financial statements in defendant's possession.

As with the responses above, this response was incomplete and insufficient. Defendant produced a financial statement and a few records from 2002 and early 2003; however, no financial records from 2004 or early 2005 were produced to Plaintiff. No profit and loss statements, no asset and liability statements or other financial records were produced. Defendant has possession, custody or control of these documents because he is the custodian of MCC Jet, LLC's financial records, has in the past procured services of a CPA to file returns for MCC Jet, LLC, and, upon information and belief, has the item so requested. Defendant must produce the requested documents or make them available for inspection in accordance with Rule 34(b) of the *Federal Rules of Civil Procedure*, whether the documents are in his personal possession or in the hands of those he controls. Therefore, Defendant should be compelled to produce the requested documents or concede there are to be had from any source he controls.

7.  The *Federal Rules of Civil Procedure* are clear about the rules governing discovery to be had between parties. Rule 34 specifically provides that any party may serve upon any other party a request to produce and permit the party making the request to inspect and copy, any designated documents. The request shall set forth the items to be inspected, and describe each with reasonable particularity. The response to the request shall state, with respect to each item, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated.

8.  Rule 37 specifically sets forth the procedure for a party's failure to participate in the discovery process. Specifically, Rule 37(a) provides that a party upon

reasonable notice to all other parties and all persons affected thereby may apply for an order compelling discovery. The motion is to be made in the appropriate court and if a party fails to produce documents or fails to respond that inspection will be permitted, the discovering party may move for an order compelling production or inspection in accordance with the request.

      9. Consistent with Rule 37(a)(2)(B), the undersigned has, in good faith, attempted to confer with the Defendant's attorney in an effort to secure appropriate responses to the propounded Interrogatories without court action.

      10. On October 12, 2005, the undersigned wrote to the Defendant requesting him to produce the documents requested by Plaintiff before the deposition of Defendant on October 14, 2005, as set forth in attached Exhibit "A."

      11. Defendant responded to the letter dated October 12, 2005, with a letter stating, "[w]e have turned over all documents in our possession and are not aware of the existence of any additional documents", as set forth in Exhibit "B"

      12. As stated above, Defendant is in possession of documents which have been requested by Plaintiff, but have not yet been produced to Plaintiff. Defendant additionally has custody and control over existing documents he has chosen not to produce or to obtain for production. "'Control,' within meaning of federal rule requiring party to produce responsive documents that are in its possession, custody or control, comprehends not only possession but also right, authority, or ability to obtain documents." *Comeau v. Rupp*, 810 F.Supp. 1127 (D. Kan. 1992).

      13. Rule 37(a)(4) provides that the court shall, after hearing, require the party or deponent whose conduct necessitated the motion to pay the reasonable expenses

incurred in obtaining the order, including attorneys' fees unless the court finds opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

15. In this particular instance, the failure of the Defendant to produce the documents requested which are in his possession, custody or control is not justified and the circumstances surrounding the filing of this motion require that expenses and fees be awarded to Plaintiff Smith for same.

WHEREFORE, the Plaintiff hereby respectfully requests this court to enter an order pursuant to the *Federal Rules of Civil Procedure* compelling the Defendant to respond to Plaintiff's Supplemental Request for Production of Documents propounded to the Defendant on February 14, 2005 and further requests an award of fees and costs and for other relief as this court may deem just and proper

Respectfully submitted,

    S/Jannea S. Rogers
JANNEA S. ROGERS (ROGEJ7403)
Adams and Reese LLP
One St. Louis Street, Suite 4500
Mobile, Alabama 36602
Telephone:   251.433.3234
Facsimile:    251.438.7733

Attorney for Plaintiff, William H. Smith

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing pleading upon the following counsel by placing same in the United States Mail, first class postage prepaid and properly addressed on this the **17th** day of **October, 2005**:

Robert C. Palmer, III
226 Palafox Place, 9th Floor
Pensacola, Florida 32598-1831

                                                                                          s/Jannea S. Rogers
                                                                                         JANNEA S. ROGERS