IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF FLORIDA
Pensacola Division

WILLIAM H. SMITH,

     Plaintiff

v.                                    Case No. 3:04CV321/RV/EMT

MICHAEL T. GUTHRIE,

     Defendant.

_____/

### PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S PRODUCTION OF DOCUMENTS IN COMPLIANCE WITH PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW the Plaintiff, William H. Smith, by and through undersigned counsel, and files this his Motion to Compel the Defendant, Michael T. Guthrie, pursuant to Rule 37(a) of the *Federal Rules of Civil Procedure*, and requests an order compelling the Defendant's production of documents in compliance with Plaintiff's Third Request for Production of Documents to the Defendant and in support thereof, states the following:

1.     On February 14, 2005, the Plaintiff, William H. Smith propounded eight (8) requests for production of documents, numbered 59-66, upon the Defendant, Michael T. Guthrie.

2.     The response from Defendant was due to Plaintiff's First Request for Production of Documents no later than March 16, 2005.  No extensions were requested or agreed to by the parties.

3.      On March 29, 2005, responses and documents were provided which were insufficient and incomplete.

4.      Specifically, with regard to Requests Numbered 59-64, the Plaintiff requested the following information:

**REQUESTS:**

59.     A copy of any and all FAA Accident and incident reports related to that aircraft known as aircraft known as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563.

60.     A copy of any and all engine log books related to that aircraft known as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563.

61.     A copy of any and all propeller log books related to that aircraft known as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563.

62.     A copy of any and all Aircraft Component Status Reports related to that aircraft known as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563.

63.     A copy of any and all Airframe AD Compliance Reports related to that aircraft known as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563.

64.     A list of any and all discrepancies from the last two phase inspections related to that aircraft known as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563.

To which the Defendant responded:

**RESPONSES:**

59.     Defendant is not in possession of any documents responsive to this Request.

60.     Defendant is not in possession of any engine logbooks related to the aircraft.

61.     Defendant is not in possession of any propeller logbooks related to the aircraft.

62.     Defendant is not is possession of any component status reports related to the aircraft.

63.     Defendant is not in possession of any Airframe AD Compliance Reports related to the aircraft.

64.     Defendant is not in possession of a list of discrepancies from the last two phase inspections of the aircraft.

It is Plaintiff's belief that Defendant is in possession of the above requested documents because the Federal Aviation Administration (FAA) Regulations require an airplane owner to maintain each of these records and to keep same with the plane for purposes of inspection and certification.   With regard to Request No. 59, upon information and belief, the plane was damaged during towing, and Defendant should have a record of an accident or incident report to the FAA.  With regard to Request No. 64, Plaintiff believes that the plane did undergo phase inspections, the records of which are required to be retained by the owner of the aircraft.   As the law requires the Defendant to keep and retain the requested items, Defendant must produce same.  If the documents are with the aircraft, its pilot or maintenance personnel, then Defendant must obtain and produce same.   If, however, Defendant is in violation of FAA regulations regarding document retention as he does not have possession or care, custody or control of said documents, then he must so state, in accordance with Rule 34(b) of the *Federal Rules of Civil Procedure*.   Therefore, Defendant should be compelled to produce the requested documents.

5.     Additionally, with regard to Requests numbered 65 and 66, the Plaintiff requested the following information:

**REQUESTS:**

3

65.     A copy of any and all aircraft rental agreements related to that aircraft known as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563.

66.     A copy of any and all time sharing agreements related to that aircraft known as 1999 Beechcraft Kingair C90B with an FAA Registration Number N3263N, serial number LJ1563.

To which the Defendant responded:

**RESPONSES:**

65..    Defendant is not in possession of any rental agreements related to this aircraft.

66.     Defendant is not aware of any time sharing agreements related to the aircraft.

Upon information and belief, Defendant has entered into contracts for the charter of the aircraft and has failed to produce these contracts to Plaintiff as requested.  If Defendant has possession of any documents corresponding to the requests, he must produce them or make them available for inspection in accordance with Rule 34(b) of the *Federal Rules of Civil Procedure*.  Therefore, Defendant should be required to produce the requested documents.

6.    The *Federal Rules of Civil Procedure* are clear about the rules governing discovery to be had between parties.  Rule 34 specifically provides that any party may serve upon any other party a request to produce and permit the party making the request to inspect and copy, any designated documents.  The request shall set forth the items to be inspected, and describe each with reasonable particularity.  The response to the request shall state, with respect to each item, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated.

7.      Rule 37 specifically sets forth the procedure for a party's failure to participate in the discovery process.  Specifically, Rule 37(a) provides that a party upon reasonable notice to all other parties and all persons affected thereby may apply for an order compelling discovery.  The motion is to be made in the appropriate court and if a party fails to produce documents or fails to respond that inspection will be permitted, the discovering party may move for an order compelling production or inspection in accordance with the request.

8.      Consistent with Rule 37(a)(2)(B), the undersigned has, in good faith, attempted to confer with the Defendant's attorney in an effort to secure appropriate responses to the propounded document requests without court action.

9.      Defendant has responded that he is not in possession of any additional documents, and as of the filing of this motion, Defendant has not produced the requested documents to Plaintiff.

13.     As stated above, Defendant is in possession of documents which were requested by Plaintiff, but have not yet been produced to Plaintiff, and Defendant additionally has custody and control over existing documents he has chosen not to produce or to obtain for production. "'Control,' within meaning of federal rule requiring party to produce responsive documents that are in its possession, custody or control, comprehends not only possession but also right, authority, or ability to obtain documents." *Comeau v. Rupp*, 810 F.Supp. 1127 (D. Kan. 1992).

14.     Rule 37(a)(4) provides that the court shall, after hearing, require the party or deponent whose conduct necessitated the motion to pay the reasonable expenses incurred in obtaining the order, including attorneys' fees unless the court finds opposition

to the motion was substantially justified or that other circumstances make an award of expenses unjust.

15.     In this particular instance, the failure of the Defendant to produce the documents requested which are in his possession is not justified and the circumstances surrounding the filing of this motion require that expenses and fees be awarded to Plaintiff Smith for same.

WHEREFORE, the Plaintiff hereby respectfully requests this court to enter an order pursuant to the *Federal Rules of Civil Procedure* compelling the Defendant to respond to Plaintiff's Third Request for Production of Documents propounded to the Defendant on February 14, 2005 and further requests an award of fees and costs and for other relief as this court may deem just and proper

Respectfully submitted,

S/Jannea S. Rogers
JANNEA S. ROGERS (ROGEJ7403)
Adams and Reese LLP
One St. Louis Street, Suite 4500
Mobile, Alabama 36602
Telephone:     251.433.3234
Facsimile:     251.438.7733

Attorney for Plaintiff, William H. Smith

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon the following counsel by placing same in the United States Mail, first class postage prepaid and properly addressed on this the **18th** day of **October, 2005**:

Robert C. Palmer, III
226 Palafox Place, 9th Floor
Pensacola, Florida 32598-1831

                                   s/Jannea S. Rogers
                                   JANNEA S. ROGERS