IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF FLORIDA
Pensacola Division

WILLIAM H. SMITH,

    Plaintiff

v.                                        Case No. 3:04CV321/RV/EMT

MICHAEL T. GUTHRIE,

    Defendant.

_____/

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S PRODUCTION OF DOCUMENTS IN COMPLIANCE WITH PLAINTIFF'S FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW the Plaintiff, William H. Smith, by and through undersigned counsel, and files this his Motion to Compel the Defendant, Michael T. Guthrie, pursuant to Rule 37(a) of the *Federal Rules of Civil Procedure*, seeking an order compelling the Defendant's production of documents in compliance with Plaintiff's Fourth Request for Production of Documents to the Defendant and in support thereof, states the following:

1.    On February 25, 2005, the Plaintiff, William H. Smith propounded four (4) requests for production of documents, numbered 67-70, upon the Defendant, Michael T. Guthrie.

2.    The response from Defendant was due to Plaintiff's Fourth Request for Production of Documents no later than March 25, 2005. No extensions were requested or agreed to by the parties.

3.    On March 29, 2005, responses and documents were provided which were insufficient and incomplete.

4. Specifically, with regard to Request 68, the Plaintiff requested the following information:

**REQUEST:**

68. Produce a copy of any and all documents reflecting "sales of similar plane[s] with 900 hours" as represented within the memorandum correspondence dated March 9, 2005 from Mike Guthrie to Bill Smith.

To which the Defendant responded:

**RESPONSE:**

68. Attached hereto please find documentation in the above-referenced Blue Book, reflecting the value of similar planes.

Defendant's response to Request No. 68 was incomplete and insufficient. The request asks for "sales of similar planes," which Defendant claims as support for this valuation of the aircraft and production of a Blue Book is not responsive to this request. The Blue Book reflects suggested sales prices, however, it does not provide for actual sales of the aircrafts, as requested. Defendant has stated he based his "value" of the plane on "sales of similar plane[s] with 900 hours." Plaintiff is entitled to know what "sales" he is referring to and to have the documents supporting same. If Defendant is not in possession or control of the requested documents, then he had a duty to say this in his response. However, if Defendant has possession of any documents corresponding to these requests, he must produce them or make them available for inspection according to Rule 34(b) of the *Federal Rules of Civil Procedure*. Therefore, Defendant should be compelled to produce the requested documents.

5. Additionally, with regard to Request No. 69, the Plaintiff requested the following information:

**REQUEST:**

> 69. Produce any and all documents that provided the information or basis for the "expenses related to plane" report faxed from Mike Guthrie to Bill Smith on March 9, 2005, including but not limited to the invoices from Jacob's Aircraft, Howard Tech Services, Inc. and Jepperson Sanderson, along with the check numbers identified within the exhibit for payment of those expenses.

To which the Defendant responded:

> **RESPONSE:**
>
> 69. Documents responsive to this Request were previously provided in response to Request numbers 8, 9 and 13 of Plaintiff's First Request for Production of Documents, as well as Defendant's Rule 26 Disclosures.

Defendant's response to Request No. 69 is insufficient and incomplete. The request was issued regarding a 3/9/05 "balance sheet" prepared by Defendant. The disclosures and other responses did not provide documents sufficient to support the numbers claimed by Defendant. The addition did not match. Therefore, either the "balance sheet" is an exaggeration or Defendant has withheld documents referred to when creating the "balance sheet." As such, it should be noted Defendant did not produce any documents in response to Request No. 13 of Plaintiff's First Request for Production of Documents. Furthermore, Defendant has not supplemented his Rule 26 Disclosures since initial production, which would presumably have covered the requested information, as required by the *Federal Rules of Civil Procedure*. Therefore, this response is insufficient, and Defendant should be required to produce any documents in his possession responsive to this request in accordance with Rule 34(b) of the *Federal Rules of Civil Procedure*.

6. Additionally, with regard to Request No. 70, the Plaintiff requested the following information:

> **REQUEST:**

3

      70.    Produce a copy of the phase inspection prepared by or through Jacob's Aircraft on March 3, 2005, along with any and all exhibits, including photographs.

To which the Defendant responded:

**RESPONSE:**

      70.    A copy of the phase inspection report prepared by Jacob's Aircraft, dated 2/27/05 is attached hereto.

Defendant's response to Request No. 70 is incomplete. Defendant attached a copy of the phase inspection report to his response; however, Defendant did not attach any exhibits or photographs from the inspection report as requested by Plaintiff. If these exhibits and photographs exist, then Defendant is required to produce them under Rule 34(b) of the *Federal Rules of Civil Procedure*. Moreover, if these exhibits and photographs do not exist, then Defendant has a duty to state this in his response. Therefore, Defendant should be compelled to produce the requested documents.

      7.    The *Federal Rules of Civil Procedure* are clear about the rules governing discovery to be had between parties. Rule 34 specifically provides that any party may serve upon any other party a request to produce and permit the party making the request to inspect and copy, any designated documents. The request shall set forth the items to be inspected, and describe each with reasonable particularity. The response to the request shall state, with respect to each item, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated.

      8.    Rule 37 specifically sets forth the procedure for a party's failure to participate in the discovery process. Specifically, Rule 37(a) provides that a party upon reasonable notice to all other parties and all persons affected thereby may apply for an

order compelling discovery. The motion is to be made in the appropriate court and if a party fails to produce documents or fails to respond that inspection will be permitted, the discovering party may move for an order compelling production or inspection in accordance with the request.

9. Consistent with Rule 37(a)(2)(B), the undersigned has, in good faith, attempted to confer with the Defendant's attorney in an effort to secure appropriate responses to the propounded document requests without court action.

10. Defendant has responded that he is not in possession of any additional documents, and as of the filing of this motion, Defendant has not produced the requested documents to Plaintiff.

11. As stated above, Defendant's responses to Plaintiff's requests for production of documents were incomplete and otherwise insufficient.

12. Rule 37(a)(4) provides that the court shall, after hearing, require the party or deponent whose conduct necessitated the motion to pay the reasonable expenses incurred in obtaining the order, including attorneys' fees unless the court finds opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

13. In this particular instance, the failure of the Defendant to produce the documents requested which are in his possession is not justified and the circumstances surrounding the filing of this motion require that expenses and fees be awarded to Plaintiff Smith for same.

WHEREFORE, the Plaintiff hereby respectfully requests this court to enter an order pursuant to the *Federal Rules of Civil Procedure* compelling the Defendant to

respond to Plaintiff's Fourth Request for Production of Documents propounded to the Defendant on February 25, 2005 and further requests an award of fees and costs and for other relief as this court may deem just and proper

        Respectfully submitted,

        S/Jannea S. Rogers
        JANNEA S. ROGERS (ROGEJ7403)
        Adams and Reese LLP
        One St. Louis Street, Suite 4500
        Mobile, Alabama 36602
        Telephone:   251.433.3234
        Facsimile:   251.438.7733

        Attorney for Plaintiff, William H. Smith

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon the following counsel by placing same in the United States Mail, first class postage prepaid and properly addressed on this the **18th** day of **October, 2005**:

Robert C. Palmer, III
226 Palafox Place, 9th Floor
Pensacola, Florida 32598-1831

        s/Jannea S. Rogers
        JANNEA S. ROGERS