IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM H. SMITH,
    Plaintiff,

v.                                                Case No.: 3:04cv321/RV/EMT

MICHAEL T. GUTHRIE
    Defendant.
_____/

**ORDER**

This cause is before the court on Plaintiff's motion to compel Defendant's response to interrogatories (Doc. 53), Plaintiff's four motions to compel Defendant's production of documents (Docs. 57, 58, 59, 60), Defendant's responses to Plaintiff's motions (Docs. 61, 62, 63, 66, 67), and Plaintiff's reply to Defendant's responses (Doc. 71).

This is an action alleging fraudulent inducement by misrepresentation, promissory fraud, and unjust enrichment (Doc. 1). Generally, Plaintiff alleges Defendant fraudulently induced him to enter into a partnership agreement concerning the use, expense, and ownership of an airplane. Plaintiff seeks dissolution of the partnership, an accounting of partnership obligations, and damages.

On February 14, 2005, Plaintiff propounded fifteen interrogatories upon Defendant, and Defendant provided responses to Plaintiff on March 22, 2005 (*see* Doc. 53 at 1).[1] In Plaintiff's motion to compel responses, he contends that Defendant's responses are incomplete and insufficient (Doc. 53). Defendant responded to Plaintiff's motion by providing additional information relating to the interrogatories and by contending that some of the information requested by Plaintiff had previously been provided (Doc. 61).

---

[1] Defendant's responses were due on March 16, 2005 (Doc. 53 at 1).

Also on February 14, 2005, Plaintiff propounded a total of sixty-six requests for production, apparently in three separate documents (*see* Docs. 57, 58, 59).[2]  On February 25, 2005, Plaintiff propounded four additional requests for production (*see* Doc. 60).  Defendant provided responses to all seventy requests for production on March 29, 2005.[3]  In his motions, Plaintiff contends that Defendant's responses are incomplete and insufficient (Docs. 57, 58, 59, 60).  Defendant again responded by providing additional information regarding Plaintiff's requests and by contending that some of the information requested had previously been provided (Docs. 62, 63, 66, 67).

The Federal Rules of Civil Procedure provide that a party may serve written interrogatories upon another party.  Fed. R. Civ. P. 33(a).  Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.  Fed. R. Civ. P. 33(b)(1).

The Rules also provide that a party may serve requests for production of documents which are "in the possession, custody or control of the party upon whom the request is served."  Fed. R. Civ. P. 34(a).  "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."  Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984).  The response shall state that inspection and related activities will be permitted as requested, unless the request is objected to, in which case the reasons for objection shall be stated.  Fed. R. Civ. P. 34(b).  If the documents for production are not in existence, the objecting party should so state under oath.  *See* Cairnes v. Chicago Exp., Inc., 25 F.R.D. 169, 170 (N.D. Ohio 1960).  An evasive or incomplete answer to an interrogatory or request for production is to be treated as a failure to answer.  Fed. R.

---

[2]In Plaintiff's Motion to Compel Defendant's Production of Documents in Compliance with Plaintiff's *First* Request for Production of Documents (Doc. 57), Plaintiff states he propounded fifty-four requests for production on February 14, 2005; in Plaintiff's Motion to Compel Defendant's Production of Documents in Compliance with Plaintiff's *Supplemental* Request for Production of Documents (Doc. 58), Plaintiff states he propounded four requests for production on February 14, 2005; and, in Plaintiff's Motion to Compel Defendant's Production of Documents in Compliance with Plaintiff's *Third* Request for Production of Documents (Doc. 59), Plaintiff states he propounded eight requests for production on February 14, 2005.

[3]Defendant's responses to the requests propounded on February 14, 2005 were due on March 16, 2005 (Doc. 57, 58, 59).  Defendant's responses to the requests propounded on February 25, 2005 were due on Monday March 28, 2005, *see* Fed. R. Civ. P. 6(a), contrary to Plaintiff's contention that they were due on Friday March 25, 2005 (Doc. 60).

Civ. P. 37(a)(3).

As a preliminary matter, the court notes that Defendant's discovery responses were several days late. Considering the sheer volume of discovery Plaintiff propounded in a short amount of time and the fact that the short delay did not prejudice Plaintiff, the court declines to hold Defendant's tardiness against him. However, regarding the interrogatory responses, many of Defendant's original answers were incomplete. Although Defendant provided additional information in response to Plaintiff's motion, several of Defendant's responses remain incomplete. As to interrogatory number <u>one</u>, Defendant has not described the contents of the conversations between himself and Plaintiff as requested. The court notes that this question may be more appropriate as a deposition question, rather than an interrogatory; however, Defendant failed to object to the question and must, therefore, provide a complete response.[4]

Regarding interrogatory number <u>two</u>, Defendant has not explained how the aircraft was to be used. For example, was the aircraft to be used for personal reasons, such as leisure travel, or for business reasons, such as chartering flights for profit? Again, Defendant did not object to the question and instead simply failed to provide an answer. This is not permissible and, accordingly, the information shall be provided by Defendant. As to interrogatory number <u>seven</u>, Defendant has identified several expert witnesses who may testify at trial, but failed to provide complete information regarding their qualifications, the substance of the facts and opinions to which they are expected to testify, and a summary of the grounds for each opinion. Defendant must provide this information.

Interrogatory number <u>nine</u> requests identification of "any and all documents, records, books, logs or other documentation or evidence" relating to the aircraft at issue (Doc. 53 at 4). Defendant originally responded that he did not understand the vague request (*see* Doc. 53 at 5). The request may be broad and extensive, but it is not difficult to understand, nor is it vague. It clearly asks for identification of documents that relate to the aircraft. Subsequently, in response to Plaintiff's motion to compel, Defendant stated he had previously listed and provided such documents in "response to

---

[4] Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown. Fed. R. Civ. R. 33(b)(4).

Plaintiff's request for production of documents and/or third party subpoena responses." The general rule is that answers to interrogatories should be complete in and of themselves and should not refer to other documents. *See* Dipietro v. Jefferson Bank, 144 F.R.D. 279, 282 (E.D. Pa. 1992) (citing 4 James Wm. Moore *et al.*, Moore's Federal Practice (2d ed. 1989)). While answering an interrogatory by reference to another discovery response is not strictly proper, it is within the court's discretion to find such a response adequate. Guruwaya v. Montgomery Ward, Inc., 119 F.R.D. 36, 40 (N.D. Cal. 1988). In the instant case, the court finds that referring Plaintiff to "third party subpoena responses" is inadequate because it is not specific enough to assist Plaintiff in locating the information; therefore, Defendant must provide the requested list.

Regarding interrogatory number <u>eleven</u>, Defendant failed to provide his understanding of the value of the aircraft at the time he originally purchased it.[5] Defendant must also provide this information.

In his response to interrogatory number <u>twelve</u>, Defendant states that he is not in possession of flight logs by Robert Carter (Doc. 61 at 3), but Plaintiff contends, in one of his motions to compel, that Mr. Carter certified under oath that he had personally delivered the flight logs to *Defendant* in *March* 2004 (Doc. 58 at 2) (emphasis added). However, in Plaintiff's reply to Defendant's responses, Plaintiff states that according to Robert Carter's Verified Response to Subpoena, Mr. Carter delivered the logs to Defendant's *agent* on *May* 6, 2004 (Doc. 71 at 2) (emphasis added). The court does not have a copy of Mr. Carter's statement and, therefore, cannot determine when Mr. Carter contends the logs were delivered nor to whom they were delivered. Further, it is unclear from Defendant's response whether he was in possession of these logs at one time, but no longer possesses them, or whether he contends he never possessed the logs. Both parties shall make a good faith effort to resolve the issue of the location of these logs. Defendant is reminded if the logs are in the possession of his agent he is required to produce them. Within ten days of this order, the parties, in a joint statement, shall notify the court whether the issue has been resolved. If the issue has not been resolved, counsel for each party shall submit a sworn statement detailing their efforts

---

[5]Plaintiff does not explicitly state that he is seeking the Defendant's understanding of the value of the aircraft at the time Defendant originally purchased it; however, this can be inferred from the question as a whole. The court notes that Defendant did not object to the question as being vague.

Case No. 3:04cv321/RV/EMT

to locate the logs; additionally, Plaintiff shall provide the court with a copy of Mr. Carter's verified response to subpoena and Defendant shall provide a sworn statement regarding his knowledge of the location of the logs. At that time, the court will determine whether a hearing on this limited issue is required. Upon review of Defendant's response to Plaintiff's motion to compel, the court finds that Defendant has now adequately answered interrogatories four, ten, thirteen, fourteen and fifteen. Therefore, Plaintiff's motion will be denied as to those interrogatories.

The court notes that in addition to being incomplete, some of Defendant's original interrogatory responses were inappropriate. For example, in response to a question seeking information about Defendant's efforts to appraise the aircraft, Defendant stated that Plaintiff could have had the plane appraised before he entered into the purchase (Doc. 53 at 6). This may be true, but it is not responsive to the question and such a remark serves no purpose. Additionally, when asked how the present value of the plane could be determined, the Defendant answered the question by stating that it could be appraised by a Beechcraft dealer, but then went on to state, unnecessarily, that he had no particular interest in knowing the present value of the plane (Doc. 53 at 9). The court cautions Defendant to refrain from further inappropriate responses to discovery requests.

In response to Plaintiff's requests for production, Defendant generally asserts that he has provided the requested documents that are in his possession. As Plaintiff points out, it is difficult to determine whether Defendant is stating that he does not have present, personal possession of the documents or whether he is stating that he does not have control over the documents.[6] As explained above, if Defendant has "the legal right to obtain the documents requested upon demand," Searock, 736 F.2d at 653, he must produce the documents. Clearly, if documents do not exist or are not in Defendant's possession or control, the court cannot compel Defendant to produce the documents. However, if requested documents are under Defendant's control, he must produce them. Further, if certain documents do not exist or, if documents exist, but are not in Defendant's possession or control, Defendant must explicitly state this in his response.

The remaining issue is whether Plaintiff is entitled to an award of expenses. Rule 37(a)(4)

---

[6]Plaintiff has established reasonable grounds to believe that documents exist and were under the control of Defendant, but were not produced (*see, e.g.,* Docs. 58 at 3, 59 at 3).

Case No. 3:04cv321/RV/EMT

provides, in relevant part:

> (A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

In the instant case, Defendant has offered no satisfactory justification for his failure to provide the requested discovery. Therefore, Plaintiff is entitled to the payment of reasonable expenses incurred in making the motions to compel, including attorney's fees.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to compel interrogatory responses (Doc. 53) is **GRANTED** as to interrogatories one, two, seven, nine, and eleven, but is **DENIED** as to interrogatories four, ten, thirteen, fourteen and fifteen. Regarding interrogatory twelve, both parties shall make a good faith effort to resolve the issue of the location of Mr. Carter's flight logs. Within **TEN (10) DAYS** of the date of docketing of this order, the parties shall jointly notify the court whether the issue has been resolved. If the issue has not been resolved counsel for each party must submit a sworn statement detailing their efforts to locate the logs. Additionally, Plaintiff shall provide the court with a copy of Mr. Carter's verified response to subpoena and Defendant shall provide a sworn statement regarding his knowledge of the location of the logs.

2. Plaintiff's motions to compel responses to requests for production (Docs. 57, 58, 59, 60) are **GRANTED** to the extent that Defendant shall produce or make available for inspection or copying any requested documents that are within his "control" as defined above. Defendant shall also supplement his responses to clarify whether requested documents are in existence, and if so, whose possession they are in.

3. Plaintiff shall be awarded the reasonable expenses, including attorney's fees, incurred in making the motions to compel, not including the expenses incurred in making the reply to Defendant's responses to the motions. Within **TEN (10) DAYS** from the date of docketing of this

order, Plaintiff shall submit documentation of the expenses incurred in making the motions to compel.

**DONE AND ORDERED** this 8<u>th</u> day of November 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**