IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM H. SMITH,
      Plaintiff,

v.                                                Case No.: 3:04cv321/RV/EMT

MICHAEL T. GUTHRIE
      Defendant.
_____/

## ORDER

      This cause is before the court on the Joint Notice of Parties Regarding Document Production Issues (Doc. 75), Defendant's Affidavit (Doc. 74), Plaintiff's Notice of Filing (Doc. 76), and Defendant's Statement Pursuant to the Court's Order of December 1, 2005 (Doc. 82).

      Plaintiff seeks flight logs related to the aircraft as issue in this case (*see* Doc. 53 at 7, Doc. 58 at 2, Doc. 71 at 2) and contends that his pilot, Robert Carter, delivered the logs to Defendant or his agent in 2004 (*see* Doc. 58 at 2, Doc. 71 at 2), which Defendant denies (*see* Doc. 53 at 7). On November 8, 2005, the court entered an order requiring that both parties make a good faith effort to locate the logs and to jointly advise the court whether the issue had been resolved (Doc. 72 at 7). Subsequently, the parties notified the court that the flight logs had not been produced and the issue remained unresolved (Doc. 75 at 1).

      In support of Plaintiff's contention that the flight logs were delivered to Defendant or his agent, Plaintiff filed the following documents: (1) Robert Carter's Response to Subpoena, (2) an affidavit of Robert Carter, and (3) an affidavit of Linda Holley (Doc. 76). According to Robert Carter's Response to Subpoena, all records relating to the aircraft were delivered to Defendant's agent in May 2004, along with the aircraft (*id.*, attach. 2). Additionally, Mr. Carter's affidavit states that all records relating to the aircraft were delivered to Defendant's "agent, Ben Cunningham" in

May 2004 (*id.*, attach. 3), and those records included "two propeller logs, two engine logs, one airframe log, all maintenance manuals, flight log disks and any and all documents required to be kept for the aircraft by the Federal Aviation Administration" (*id.*).  Finally, Plaintiff's employee, Linda Holley, stated in her affidavit that Mr. Carter told her he gave the original flight log to Defendant and did not keep a copy of that log or any other log related to the aircraft (*id.*, attach. 1). She also stated that Mr. Carter did not provide the original flight log, nor any other log, to her, to Plaintiff, or to any other individual she "questioned that works for [Plaintiff] or one of his entities" (*id.*).

In support of his position, Defendant filed an affidavit stating that the original flight logs were never in his possession, although he recently located copies of flight logs that were faxed from Robert Carter (Doc. 74 ¶ 5).  Defendant also filed a statement explaining that Ben Cunningham is an independent pilot, and "is not, and never was" his agent (Doc. 82 ¶ 1).  Defendant further stated that when Robert Carter turned the aircraft over to Ben Cunningham in May 2004, he also turned over records previously prepared by Mr. Cunningham when the aircraft was housed in Jackson, Mississippi, and propeller and maintenance logs for the period the aircraft was based in Atlanta (Doc. 82 ¶ 4); however, Mr. Carter did not turn over to Mr. Cunningham any trip sheets or passenger flight logs for the period of April 2003 through May 2004 (Doc. 82 ¶ 5).  According to Defendant, Mr. Cunningham provided all records he had received from Robert Carter in May 2004, in response to a third party subpoena (Doc. 82 ¶ 6).  Finally, Defendant reiterated that he has provided Plaintiff all flight logs in his possession (Doc. 82 ¶ 7).

After careful consideration of all materials submitted by the parties, the court finds that the requested documents are not in Defendant's possession, nor in the possession of an agent of Defendant.  Therefore, the court cannot compel Defendant to produce such documents.

Accordingly, it is **ORDERED**:

1.	Plaintiff's motion to compel (Doc. 58) is **DENIED** with regard to Plaintiff's request for production number 55, which seeks a copy of the flight log received from Robert Carter.

2.	Plaintiff's motion to compel (Doc. 53) is **DENIED** with regard to interrogatory twelve to the extent that it requests logs received from Robert Carter.

**DONE AND ORDERED** this 13th day of December 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**